Sixth case of the day is U.S. v. Moore. Appeal number 23-2191. Mr. Roy, welcome back. Thank you, Judge. May it please the Court, Opposing Counsel, Attorney Michael Roy on behalf of Appellant Cameron Moore. This Court should vacate Mr. Moore's sentence and remand for a new sentencing hearing. Mr. Roy, you are excused from the hearing.      Thank you. Thank you. Thank you. But as this court has often said, this is often argued in sentencing cases. It's the context of the overall sentencing hearing that matters. And here there's two big pieces of context that I think show the District Judge, intended to give Mr. Moore the benefit of the decreased criminal history category. First is that when Defense Counsel identified the pending amendment, the Judge flagged it, said yes, there's this pending amendment, under the new amendment it would lower his criminal history category from 4 to 3, I have discretion to consider it. And then when the Judge gives reasons for imposing a variance, one of the prongs that the Judge IDs is there's this pending amendment that would lower the criminal history category. Later on, when the Judge writes the statement of reasons, the Judge checks the box for other mitigating factors, which would be for that four-level reduction in offense level, and then additionally checks the box and writes in, pending amendment to 4A1.3 would lower the criminal history category. So that's one big piece of context. It's just from A to B to C, it all sort of is like an assembly line saying, I'm going to look at this lowered criminal history category. The second piece of context is how 4A1.3 itself functions. The guidelines are very clear that if a Judge is imposing a departure under 4A1.3, it's done by changing the criminal history category and recalculating. Now obviously this isn't actually a departure in this case. The amendment hadn't applied yet, this is a variance, but this Court has said Judges can look at how departures would have worked either pre-Booker or still exist to some extent now as guidance when they do a variance. And if the Judge were looking at 4A1.3, the way it says to do the departure is to lower the criminal history category. The other big issue on appeal is of course standard of review. Our position is that it's de novo. This Court has clarified in a spate of cases recently that exceptions are not required to preserve issues for de novo review, and that happens a lot when like here it's a sort of a sponte area. The Judge says something when giving the ruling that was not triggered by the arguments of counsel, that's Bingham, Wood, and then also this Court's very recent decision in Wiltshire where when the Judge asks for outstanding objections at the end of the hearing, a broad generic question about just generally outstanding objections will not cause counsels to forfeit specific arguments if the question didn't put them on notice of the particular issue they needed to preserve. Ultimately I don't know that the standard of review makes that big of a difference in this case because the dispute between myself and the government, it's really about whether there was an error at all. So even if plain error review did apply, our disputes on the first prong of plain error, which is was there an error, once we establish that it would be plain because it's just a misreading of the text of the chart, and then prongs three and four, it would have affected the sentence. Unless the Court has any questions, I will save the rest for rebuttal. Okay, great. Thank you, Mr. Wright. Mr. Temkin. May it please the Court, good morning, Your Honors, Eli Temkin for the United States. This Court should affirm Mr. Moore's sentence. The record simply does not indicate that the District Court meant to do something different than what it actually did in sentencing Mr. Moore. The Court undisputedly took all the steps it needed to take in the sentencing process. It calculated the guidelines range correctly, it considered the party's arguments, it weighed the Section 3553A factors, and it explained the sentence that it reached. The Court put everything into the hopper, considered all the arguments, all the factors, and it decided on a sentence that it thought was appropriate, which ended up being 84 months below the bottom of the guidelines range. Mr. Moore's argument about the proposed guideline amendment was one of those arguments that the Court considered, and the Court appears to have found that that argument did have some purchase. It decided to cash out that argument and all those considerations in a particular way by imposing a sentence that varied below the guidelines range, again by 84 months. It was fine for the Court to do that. The Court wasn't bound by the formal departure analysis. The Court never said that it intended to sentence Mr. Moore as though his criminal history category was 3. Beyond that, Mr. Moore had a chance to clarify this issue at the sentencing hearing if he thought that the District Court forgot a step or hadn't adequately addressed or incorporated his argument about the proposed guidelines amendment. He chose not to do that. There was no error here, let alone a plain error. As to the standard of review... Did either side ask for a four-level variant? Mr. Moore asked for a sentence of 120 months at the bottom of the guidelines range. The government, I believe, asked for the bottom of the guidelines... Excuse me. Mr. Moore asked for 120 months, which is the statutory minimum. The government asked for the bottom of the guidelines range, I believe. I don't believe either side asked for a specific offense-level variance. And so if we'd given the criminal history range, let's say the points of moving him to a criminal history category 3, that still would have been 210 to 262 months. I believe that's right. As I remember looking up the sentencing table, I think that's right. Yeah. And so the court could have gone that direction, could have chosen to incorporate the proposed guidelines amendment by analogy reducing his criminal history category, or as it did, it could have built that into its Section 3553A analysis, resulting in a variance, or the court could have done that without putting it in terms of the guidelines. Any one of those options was fine. The court wasn't required to... The court was required to conduct the 3553A analysis and come up with a reasonable sentence, but didn't need to go through the formal departure, excuse me, analysis. Finally, on the standard of review, the cases that Mr. Moore has cited, the recent cases like Wiltshire and Wood, do point in the direction that a defendant wouldn't need to object to preserve this. At the same time, there are cases, like we cited in our brief, such as Miller and Pankow, that seem directly on point, where the court has found that a defendant has forfeited an argument by failing to preserve it in the circumstance, and even Wiltshire, which Mr. Moore cites in reply, acknowledges that when the court asks, do you need additional explanation, for example, or have I adequately addressed your... Do you need additional explanation as to your arguments and how I've incorporated them? If the defendant says, no, I don't need additional explanation, the defendant still can forfeit that argument by failing to preserve it. Do you agree that the real issue here that parties are arguing about is whether there's error at all? That's the core issue with claim error review. I guess the question would also be, did it affect the defendant's substantial rights? Here it all kind of collapses into the same thing. There's no indication that the district court meant to do something different, and so there's no indication also that there was any effect on his rights. But ultimately, it's essentially the same question. And on that, there's just no indication that the court meant to do something different. Unless there are any further questions, the government asks that the court affirm. Thank you. Thank you. Mr. Roy, do you have any rebuttal? I'll just sit back. Judge Pryor, I wanted to address your question about whether either side had asked for a guideline-centered approach. Neither side did. As government counsel pointed out, they both asked for different sentences. I think, at least in my experience, it's much more common for judges to just sort of do a freewheeling variance, pick a number, this sort of really formalistic guidelines approach only a few judges still do, and that's what happened in this case, which then, because he did take that formalistic guidelines-based approach, I think looking at the context of the whole hearing, it suggests he meant to lower the criminal history category as well. I do want to say, if the record seems ambiguous, there is always the option of just doing a This court has done, in a handful of cases, a similar approach. Hasbrook and Zepeda are two cases cited in our briefs or in the reply. It could just be as simple as telling the judge, is this what you meant to do? They could issue it in a text order without doing a whole sentencing hearing. It would not be a big burden on the judiciary just for a limited remand for clarification. Unless the court has any further questions, I'll see the rest of my time. Okay. Thank you. Mr. Roy. Thank you very much to both counsel. The case will be taken under advisement and the court will be in recess until tomorrow.